FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUN 2 8 2014

JAMES N. HATTEN Clerk
By_____ Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| MARK O. BOATWRIGHT, | ) |
| | ) **WSD** |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION FILE NO. |
| | ) **1 14-CV-1968** |
| NICHIHA USA, INC., | ) |
| | ) JURY TRIAL DEMANDED |
| Defendant. | ) |
| | ) |

## COMPLAINT

COMES NOW Plaintiff Mark O. Boatwright ("Mr. Boatwright") and hereby files his Complaint against the above-named Defendant Nichiha USA, Inc. ("Nichiha") on the following grounds:

### *NATURE AND PURPOSE*

#### 1.

This is an employment discrimination and retaliation case brought against the Defendant with regard to the discriminatory and retaliatory actions against Plaintiff Boatwright. Plaintiff alleges that he was ultimately terminated based upon his race, and in retaliation for his complaints of unlawful discrimination, and for engaging in protected activity. Plaintiff seeks back pay, compensatory and punitive damages, costs of litigation,

injunctive and declaratory relief, and reasonable attorney's fees.

## *JURISDICTION AND VENUE*

### 2.

Jurisdiction is conferred upon this Court pursuant to Title VII of the Civil Rights Act of 1991, as amended, 28 U.S.C. §1331, and 28 U.S.C. §1343. In addition, Plaintiff invokes the pendent jurisdiction of this Court over any related or ancillary state law claims.

### 3.

Venue is appropriate in this Court in accordance with 28 U.S.C. §1391. Defendant is a corporation that is deemed to reside in this judicial district under 28 U.S.C. § 1391(c). Defendant's registered agent is within the Northern District and is so situated that justice requires that they be brought before this Court.

### 4.

This suit is filed within ninety days of receipt of the relevant Right to Sue Notice from the Equal Employment Opportunity Commission, and all other conditions precedent to the institution of this lawsuit have been met. (See **Exhibit A** attached hereto).

## PARTIES

### 5.

Mr. Boatwright is a 49 year old African-American male who is a citizen of the United States of America and is entitled to bring actions of this kind and nature. At all times relevant to this action Mr. Boatwright was employed by Defendant.

### 6.

Nichiha USA, Inc. ("Nichiha") is a corporation registered in and conducting business in the State of Georgia with greater than 15 employees. It may be served through its registered agent, Bruce C. McCall, 1170 Peachtree Street NE Suite 800 Atlanta, Georgia 30309.

## FACTUAL ALLEGATIONS

### 7.

On November 8, 2011, Mr. Boatwright was hired as a Raw Material Handler with Nichiha and worked in that capacity until around September 2012.

### 8.

On or about September 2012, Mr. Boatwright was transferred to the inspection line due to an injury.  Plaintiff worked as an Inspector until October 17, 2012.

**9.**

Mr. Boatwright was terminated on October 17, 2012 in retaliation for having filed an Occupational Safety and Health Administration ("OSHA") complaint and an EEOC Charge of Discrimination ("EEOC Charge No. 1") against the Defendant.

**10.**

Prior to filing an OSHA complaint, while being employed by the Defendant, Mr. Boatwright was involved in a work related accident. This accident resulted in his suffering chemical burns on two separate occasions.

**11.**

Subsequently Mr. Boatwright filed a complaint with OSHA expressing his concern for employee safety, health and lack of training.

**12.**

OSHA conducted several on-site inspections of Defendant's premises.

**13.**

On April 19, 2012, in EEOC Charge No. 1, Mr. Boatwright asserted that he had been discriminated against in the denial of adequate training. (See **Exhibit B** attached hereto).

**14.**

Mr. Boatwright stated further in EEOC Charge No. 1 that he believed

he had been discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended, and as violation of the Age Discrimination in Employment Act of 1967, as amended.

### 15.

Mr. Boatwright received a Dismissal and Notice of Rights for EEOC Charge No. 1 from the U.S. Equal Employment Opportunity Commission on September 21, 2012 and filed suit on January 10, 2013. (See **Exhibit C** attached hereto).

### 16.

Mr. Boatwright dismissed his case without prejudice on April 9, 2013.

### 17.

On September 19, 2012, Mr. Boatwright was made aware that he had to undergo surgery. Plaintiff notified Defendant immediately upon arriving to work that night.

### 18.

Mr. Boatwright requested unpaid personal leave on September 19, 2012.

### 19.

This leave was approved for October 4 thru October 17, 2012.

**20.**

In addition to Mr. Boatwright's notification, his medical physician sent documentation to Defendant on September 19, 2012 indicating Mr. Boatwright's medical absence.

**21.**

While on leave, Mr. Boatwright provided the company's human resource department with documentation from his medical provider indicating that additional time off was needed due to a second surgical procedure.

**22.**

In addition to Mr. Boatwright providing notification, his medical provider faxed several documents keeping human resources abreast of Mr. Boatwright's medical care. (See **Exhibits D-G** attached hereto).

**23.**

On October 17, 2012, Mr. Boatwright was terminated for allegedly not calling in and incurring an absence of more than three days without documentation of reason.

**24.**

Mr. Boatwright exhausted internal procedures by appealing his termination within the allotted time and providing written documentation to

support his assertion that multiple prior notifications of his absence had been provided. (See **Exhibits H-J** attached hereto).

## 25.

However, the company denied his appeal December 14, 2012.

## 26.

The Plaintiff's termination was a pretext based upon racially discriminatory and/or retaliatory reasons.

## 27.

There had been no disciplinary actions against Mr. Boatwright prior to his termination.

## 28.

Mr. Boatwright filed EEOC Charge No. 2 asserting that the Defendant had subjected him to a dangerous work environment and that when he responded to this illegal conduct by filing EEOC Charge No. 1 and OSHA complaint, the Defendant retaliated against him by terminating him.

## 29.

Mr. Boatwright received a Dismissal and Notice of Rights from the U.S. Equal Employment Opportunity Commission on March 27, 2014, and, accordingly brings this action in a timely manner. (See **Exhibit A** attached hereto).

## SUBSTANTIVE ALLEGATIONS

## COUNT ONE: RACE DISCRIMINATION IN VIOLATION OF TITLE VII

### 30.

Plaintiff incorporates herein paragraphs 1 through 29 of his Complaint.

### 31.

The actions of the Defendant constitute a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2, in that the Defendant has discriminated against Plaintiff on the basis of his race, black.

### 32.

Plaintiff's race was a motivating factor in Defendant's decision to terminate Plaintiff.

### 33.

Proximately, directly, and solely as a result of Defendant's discrimination against Plaintiff on account of his race, the Plaintiff has suffered loss of income, loss of fringe benefits, other financial losses and expenses, and inconvenience.

### 34.

The Defendant's acts of discrimination were accomplished with malice or reckless disregard of the Plaintiffs' rights under federal law, and were intentional and taken in bad faith.

## *COUNT TWO: RETALIATION IN VIOLATION OF TITLE VII*

### 35.

Plaintiff incorporates herein paragraphs 1 through 34 of his Complaint.

### 36.

Mr. Boatwright exercised protected activities in complaining of discrimination and/or notifying OSHA of his concern for employee safety. Subsequent to his exercise of protected activities, Mr. Boatwright was subjected to the adverse employment action of termination from his employment.

### 37.

Plaintiff's race was a motivating factor in Defendant's decision to retaliate against him for his opposition to the discrimination against him on the basis of race.

### 38.

The Defendant's above-described actions were taken in retaliation for the Plaintiff's having engaged in protected activities, and they were taken in violation of Title VII of the Civil Rights Act of 1964, thereby entitling the Plaintiff to recover for all damages provided by law.

### 39.

The Defendant's acts of retaliation were accomplished with malice or

reckless disregard of the Plaintiff's rights under federal law, and such acts were intentional and taken in bad faith.

WHEREFORE, Plaintiff demands judgment as follows:

(a)     General damages for mental and emotional suffering caused by Defendant's misconduct;

(b)     Punitive damages against Defendant based on its willful, malicious, intentional, and deliberate acts;

(c)     Special damages for lost wages and benefits, including front pay in lieu of instatement;

(d)     Injunctive relief requiring Defendant from further adverse conduct against the Plaintiff herein;

(e)     Nominal damages for the deprivation of Plaintiff's statutory rights;

(f)     Reasonable Attorney fees, costs, and expenses of litigation as provided by law;

(g)     Trial by jury as to all issues;

(h)     Prejudgment interest at the rate allowed by law;

(i)     Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights; and

(j)     All other relief this Court deems just, equitable and proper.

Respectfully submitted this 23rd day of June, 2014.

**ED DOWNS & ASSOCIATES, P.C.**

Edward R. Downs, Jr
GA Bar No. 228450
Obréziah L. Bullard
GA Bar No. 975396
Counsel for Plaintiff
P.O. Box 741088
Riverdale, GA  30274
(770) 997-0334 – Phone
(770) 997-8065 – Fax
eddowns@bellsouth.net